**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DARLA MICHELLE BLOOMER,

     Plaintiff-Appellant,

v.

NORMAN REGIONAL HOSPITAL,

     Defendant-Appellee,

and

KEVIN W. HUBBARD, DO, Individually; RONALD L. HEIM, DO, Individually; ROBERT B. MCCLOY, MD, Individually; DARREL L. STOUT, MD, Individually; JERRY MCCALL, MD, Individually; WILLIAM G. WIGGS, MD, Individually; ERIC WOLLMAN, MD, Individually; H. JACKSON WOODWARD, MD, Individually; H. JACKSON WOODWARD, MD, INC.; ROBERT D. MCCLOY, JR., MD, an Oklahoma Professional Corporation,

     Defendants.

No. 99-6074
(D.C. No. 98-CV-298-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court

(continued...)

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Darla Michelle Bloomer appeals the district court's dismissal, for lack of subject matter jurisdiction, of her claims against the Norman Regional Hospital (Hospital) under the Emergency Medical Treatment and Women in Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, and the court's refusal to exercise supplemental jurisdiction over her state claims against the remaining defendants. We hold that although plaintiff's federal claims were not legally immaterial, she failed to put forth facts supporting the exercise of federal jurisdiction, requiring vacation of that portion of the district court's order dismissing her EMTALA claims and remanding for entry of summary judgment in favor of the Hospital on the claims.

[*](...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Between March 1, 1996 and March 15, 1996, plaintiff sought treatment on six occasions from either the Norman Regional Hospital or its affiliated clinic. Plaintiff complained of neck and back pain, blurred vision, numbness, difficulty hearing, and high blood pressure, and informed medical personnel that her symptoms were increasing in severity. On each occasion, plaintiff was examined and discharged. On March 15, plaintiff was hospitalized for six days. She has been diagnosed with pseudotumor cerebri, and is now totally blind.

Plaintiff brought this action against the Hospital, alleging it violated the EMTALA, by:

> [failing to] provide an appropriate medical screening and/or examination; [failing to] provide stabilizing medical treatment; [failing to] properly refer [her] for her medical condition; [failing to] utilize the staff available to the [Hospital] to perform its duties under the EMTALA, and . . . discharg[ing] (which constitutes a 'transfer' under the EMTALA) [her] while [she] was suffering under an unstablized (sic) emergency medical condition.

Appellant's App. at 13-14. Plaintiff brought supplemental medical malpractice claims against the Hospital and the treating health care providers.

The Hospital moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing the district court lacked jurisdiction over the EMTALA claims. Attaching documentary evidence, the Hospital argued that plaintiff failed to raise EMTALA claims because she did not show (1) that it "dumped" her, by transferring her or refusing to treat her because she was

indigent, or (2) that it knew of an unstabilized emergency medical condition when it discharged her.    See Appellant's App. at 30-31.  The Hospital argued that the attached evidence showed extensive efforts to treat plaintiff on several occasions, and that such efforts negated a dumping claim.  Instead, the Hospital argued, plaintiff's claims sounded in malpractice, which was not within the ambit of the federal statute.

Plaintiff's response discussed whether the motion to dismiss could be maintained under Rule 12(b)(1), objected to converting the motion to one under Rule 12(b)(6), and discussed converting the motion to one for summary judgment under Rule 56(c).    See Appellant's App. at 57-58.  Plaintiff also attached documentary evidence to her response.  The district court dismissed the action for lack of subject matter jurisdiction under Rule 12(b)(1), holding that plaintiff's EMTALA claims were merely negligence claims, and that therefore they were immaterial and were raised only to invoke federal jurisdiction.  We review the district court's determination of its subject matter jurisdiction de novo.      See Holt v. United States  , 46 F.3d 1000, 1003 (10th Cir. 1995).

When a complaint is drawn to rely directly upon a federal statute, so that the question of the court's jurisdiction is intertwined with the merits of the case, the general rule is that a federal court possesses jurisdiction and should decide the case on its merits.    See Bell v. Hood  , 327 U.S. 678, 681-83 (1946);    Davoll v.

-4-

Webb, 194 F.3d 1116, 1129 (10th Cir. 1999); Holt, 46 F.3d at 1003. Under these circumstances, the court should resolve its jurisdictional inquiry either "under Federal Rule of Civil Procedure 12(b)(6) or, after proper conversion into a motion for summary judgment, under Rule 56." United States ex. rel Hafter v. Spectrum Emergency Care, Inc. , 190 F.3d 1156, 1159 (10th Cir. 1999). There are two exceptions to this rule: (1) when the alleged federal claim is immaterial and is made solely to obtain jurisdiction, or (2) when the claim is insubstantial and frivolous. See Bell, 327 U.S. at 682-83; Davoll, 194 F.3d at 1129.

Here, plaintiff drafted her complaint to seek recovery directly under the provisions of a federal statute, the EMTALA. The district court refused to convert defendant's motion to dismiss to a merits-based motion, however, upon finding that plaintiff's EMTALA claims were immaterial. We conclude that her EMTALA claims were not immaterial.

Under the EMTALA, a hospital must provide to all individuals arriving in the emergency room for examination and treatment "an appropriate medical screening examination . . . to determine whether or not an emergency medical condition . . . exists." 42 U.S.C. §1395dd(a). A hospital is further prohibited from transferring (or discharging) a patient before his/her emergency medical condition is stabilized. See id., § 1395dd(c). Although we have held that this statute was not enacted to provide a federal malpractice remedy, see Repp v.

-5-

Anadarko Mun. Hosp., 43 F.3d 519, 522 (10th Cir. 1994), the EMTALA was drafted broadly, and the issues of whether plaintiff was screened appropriately and whether she was released before her condition was stabilized necessarily overlap with malpractice issues. This overlap does not make plaintiff's EMTALA claims inconsequential or immaterial. The district court should not have dismissed this case, therefore, under Rule 12(b)(1), but should have converted defendant's motion to dismiss to a merits-based motion under Rule 12(b)(6) or Rule 56(c).

Because defendants' motion to dismiss did not simply attack the facial validity of the complaint, but instead challenged the factual allegations supporting the existence of subject matter jurisdiction, and because both parties submitted affidavits and other evidentiary material, the motion should have been treated as one for summary judgment under Rule 56(c). See Spectrum Emergency Care, Inc., 190 F.3d at 1159-60; United States ex. Rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1518 (10th Cir. 1996). Plaintiff's response to the motion demonstrates she was aware that it should be converted to a Rule 56 motion for summary judgment. See Appellant's App. at 58, 63-64. As plaintiff had notice of the proper procedure and in fact attached documentary evidence to her response, we exercise our plenary power to consider the Hospital's motion as a motion for summary judgment. See Building & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d

1487, 1496 (10th Cir. 1993) (holding plaintiffs had notice of conversion when they were first to point out need to convert motion, submitted evidentiary materials, and did not object to defendant's submission of materials).

Although a conversion of the Hospital's motion yields a merits-based decision, we have held plaintiff's burden of proof is "essentially the same–[she] must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." Spectrum Emergency Care, Inc., 190 F.3d at 1160 n.5; see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (noting burden of proving jurisdictional facts remains on the party invoking federal jurisdiction throughout the litigation, and that at the summary judgment stage, the plaintiff cannot "rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, . . . which for purposes of the summary judgment motion will be taken to be true") (quotations omitted); Cache Valley Elec. Co. v. State of Utah Dep't of Transp., 149 F.3d 1119, 1124 (10th Cir. 1998) (holding "at summary judgment, it is a plaintiff's burden to adduce evidence sufficient to establish necessary jurisdictional facts" and, thus, plaintiff "may not establish standing by merely hypothesizing"), cert. denied, 526 U.S. 1038 (1999).

We have clearly defined the facts necessary to sustain an EMTALA claim in our prior cases. In Repp, 43 F.3d at 522 & n.4, we held "a hospital violates

section 1395dd(a) [only] when it does not follow its own standard [screening] procedures," and that "[a] court should ask only whether the hospital adhered to its own procedures, not whether the procedures were adequate if followed." And in Urban ex rel. Urban v. King, 43 F.3d 523, 526 (10th Cir. 1994), we held that to show a violation under 1395dd(c), a plaintiff must show that the Hospital actually knew of the patient's emergency medical condition. These then are jurisdictional facts which plaintiff bore the burden of proving.

The operative inquiry is whether, viewing the tendered evidence and all reasonable inferences in plaintiff's favor, she has raised a genuine issue of fact regarding these jurisdictional facts. The existence of a "scintilla of evidence" in favor of the non-moving party is not enough to create a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Plaintiff has not raised a genuine issue as to whether the Hospital failed to follow its own screening procedures. She did not submit a Hospital policy or suggested what procedures were omitted. See, e.g., Williams v. Birkeness, 34 F.3d 695, 697 (8th Cir. 1994) (holding plaintiffs failed to raise a triable issue whether patient was treated differently than others presenting the same symptoms, which was an "essential element of a claim under § 1395dd(a)," and noting that hospital did not bear the burden of showing a uniform screening procedure).

The fact that plaintiff received different treatment each time she sought medical attention does not, in itself, create an inference that the Hospital diverged from its ordinary screening procedures. A hospital would not be expected to duplicate particular screening procedures, such as a CT scan, when a patient is seen several times over a short period of time. What is appropriate screening on the patient's first visit may well be different by the fourth visit. In addition, we note that plaintiff presented different complaints on her visits, focusing sometimes on her back and neck, sometimes on her chest, and sometimes on her head and vision. See Appellant's App. at 76 (3/1/96 - severe headache, blurry vision, difficulty hearing, neck pain, blood pressure at 190/138), at 77 (3/7/96 - neck and back pain, swishing in ears, headache, difficulty sleeping, blurry vision left eye), at 78, 80 (3/9/96 - severe headache, neck ache, mid and upper back pain, complained her vision blurred "off and on when her blood pressure goes up", tenderness of spine and muscle tautness in left lumbar region), at 82 (3/10/96 - dizziness, chest pain that increases upon inhalation), at 84 (3/11/96 - low back pain that is improving, decreased vision in left eye), at 85 (3/14/96 - back and neck pain that radiates to right knee, numbness in back and left hand, blindness in left eye and decreased vision in right eye).

Further, plaintiff did not submit any evidence demonstrating that the Hospital had notice she was suffering from an emergency medical condition. It is

not enough to claim the Hospital "should have known" of her condition, plaintiff was required to raise a triable issue regarding the Hospital's actual knowledge of her unstabilized condition.    See Urban, 43 F.3d at 526.

Because plaintiff failed to raise a triable issue regarding the existence of jurisdictional facts under the EMTALA, the district court should have granted summary judgment in favor of the Hospital.  The district court's decision to decline supplemental jurisdiction need not be disturbed, however, as the court's reasoning is sound regardless of whether the EMTALA claims are dismissed procedurally under Rule 12(b)(1) or on their merits under Rule 56.

The judgment of the United States District Court for the Western District of Oklahoma is VACATED, and the case is remanded for entry of summary judgment in favor of the Hospital on plaintiff's EMTALA claims.

Entered for the Court


Stephen H. Anderson
Circuit Judge